## LYMAN E. PELTON *v.* DAWSON JOHNSON'S ESTATE.

### *Practice.    Waiver.    Settlement of Estates.    Commissioners. Proof of Claims.*

Objection to the presentation of an administrator's account, as irregular, because of the previous settlement of an account of the same administration, is waived by allowing the case to proceed, without objection on that score, through the Probate Court, and, on appeal, to final judgment in County Court ; and such objection cannot be taken for the first time in the Supreme Court.

On appeal from Probate Court for disallowance of part of an administrator's account, it appeared that the administrator, shortly before his appointment, purchased of J. a mortgage that he held on the premises of the intestate, conditioned for future support and executed by the intestate in his lifetime, taking from him a warranty deed of the mortgaged premises, and giving him his promissory notes therefor ; that J. transferred those notes to H. taking therefor an agreement for support ; that H. thereafter furnished support as agreed, and to an amount greater than the sum of the notes ; but that no claim for support so furnished was presented against the estate of the intestate, and that the administrator never became liable to pay it. It did not appear that the notes were negotiable, nor that the administrator had ever paid them. *Held,* that the administrator, as administrator, to charge the estate on account of neglect or refusal to support J. should show that the claim had been allowed against the estate, or that the administrator as such had paid, or had become liable to pay, the same ; and that he could not recover.

After the administrator received his appointment, and after the guardian of the intestate's children had filed a bond for payment of debts of estate, the administrator with his own funds purchased a note executed by J. and the intestate in his lifetime, and secured by mortgage on the intestate's land, and took an assignment of the mortgage to himself. It appeared that he did not present the claim before the commissioners on the intestate's estate. It did not appear whose duty it was, as between the intestate and J., to pay the note. *Held,* that the non-presentment of the note to commissioners relegated the administrator to a reliance on his mortgage security.

Pelton *v.* Johnson's Estate.

THIS was an appeal from a decree of the Probate Court for the District of Franklin, disallowing a part of the account of the plaintiff as administrator of the defendant estate. The plaintiff sought to recover $400 for money paid for a mortgage on land belonging to the estate, $240 for ten years' interest thereon, $29.50 for money paid for another mortgage on the same land, $12.91 for seven years' interest, &c., thereon, and items for expenses incurred in connection with those payments amounting to $30.85. A commissioner was appointed, who reported, so far as material, as follows:

On November 2, 1854, Dawson Johnson, the intestate, executed a mortgage of certain land that he then owned, and on which he then lived, to his father, James Johnson, to secure his father's future support. On February 20, 1864, the intestate having enlisted in the army and gone away, the father sold his interest under said mortgage to the plaintiff, and executed to him a warranty deed of the mortgaged premises; and the plaintiff gave him therefor his eight promissory notes for $50 each, payable in one, two, &c., years thereafter. The father soon afterwards transferred those notes to his son Henry, and in consideration therefor took from him a mortgage of other property conditioned for his future support; and Henry supported him thereafter until his death in 1875, expending therein more than $400. But no claim for the support so furnished was ever presented against the defendant estate. On February 23, 1864, the plaintiff took out a letter of administration on the defendant estate, and at the then next April Term of court brought an action of ejectment, as administrator, against F. N. Johnson, who was then in possession as guardian of the intestate's children. He recovered judgment at the September Term, 1866, and obtained a writ of possession in February, 1867. He then applied for license to sell the land to pay the debts of the estate. The guardian thereupon filed a bond conditioned for the payment of the debts and the expense of administration, and the land was assigned to the intestate's heirs. The guardian afterwards made application to the Probate Court for permission to sell the land, and, on October 26, 1867, sold and conveyed the same to Merritt Record, and the sale was duly approved by the

Probate Court. On March 15, 1867, one Henry E. Seymour, to whom the intestate and his father had given their promissory note of March 14, 1861, secured by their mortgage of the same date on said land, demanded of the plaintiff the balance due under his mortgage, but as there were no funds of the estate in the plaintiff's hands, the plaintiff paid Seymour $29.50 of his own funds, for his interest under said mortgage, and took an assignment of the mortgage to himself. At the then next September Term of court the plaintiff brought another action of ejectment against F. N. Johnson, founded on his deed from James Johnson and the Seymour mortgage, and was finally cast therein. Seymour's claim under that mortgage against the defendant estate was never presented to the commissioners on the estate. The plaintiff presented certain other claims against said estate before the commissioners, and they were allowed at $227.87, which he afterwards recovered, with $40.74 costs, in an action on said bond. But he presented no claim for the items here in controversy, for the reason that he supposed his remedy was by the second action of ejectment, which was then pending. The commissioner found from evidence that was received subject to the plaintiff's objection that said James admitted that the intestate supported him to his satisfaction up to the time of his death; found that the plaintiff had already presented an administration account, which was settled on June 14, 1867, and submitted the question as to whether the plaintiff should recover to the opinion of the court on the facts found.

At the September Term, 1875, Franklin County, the court, ROYCE, J., presiding, rendered judgment, *pro forma*, for the defendant for its costs; to which the plaintiff excepted.

The plaintiff, *pro se.*

The administrator could not purchase an outstanding incumbrance and hold it adversely, if objected to. The heirs, having objected, taken the estate, and disposed of it free from incumbrance, should be compelled to reimburse. The fact that the administrator took the assignment to himself can make no difference, as it became inoperative. *Mead* v. *Byington*, 10 Vt. 116; *Hapgood* v. *Jennison*, 2 Vt. 294; Story Eq. Pl. s. 322.

The item for money paid to James Johnson, to procure the assignment of his mortgage, must be controlled by the views of the court in the action of ejectment as to estoppel. If by taking out administration so soon he was estopped to assert his claim against the land, it must be because he stood as if the appointment preceded the purchase. Manifestly, the heirs should not take the premises discharged of the incumbrance, and not refund the money paid to discharge it.

*H. S. Royce*, for the defendant.

The administration account having been closed can be re-opened only on petition alleging fraud, accident, or mistake. *Adams* v. *Adams*, 21 Vt. 162; *Heirs of Smith* v. *Rix*, 9 Vt. 240.

The claim for the sum paid for the Seymour mortgage should not be allowed. The plaintiff did not pay it for the benefit of the estate, but for his own benefit. The claim should have been presented to the commissioners. *Grafton Bank* v. *Doe*, 19 Vt. 463; 3 Redf. Wills, 211. Besides, the plaintiff is estopped by his subsequent conduct from asserting his claim.

The claim for the sum paid James Johnson should not be allowed. The plaintiff paid that sum also on his own account, and not as administrator. That mortgage was not assignable. *Bethlehem* v. *Annis*, 40 N. H. 34; *Dunklee* v. *Adams*, 20 Vt. 415; *Eastman* v. *Batchelder*, 36 N. H. 141. Besides, the sum expended for the support of James after the death of the intestate has not been ascertained. It was not $400.

The opinion of the court was delivered by

ROYCE, J. This case was heard in the County Court upon the report of a commissioner appointed to report upon the subject-matter of the claims of the plaintiff as administrator against the defendant estate. The plaintiff's first account as administrator was settled June 14, 1867, and it is claimed that the presentation of this account to the Probate Court for allowance after his first account had been settled, was irregular, and that the objection may be taken in this court. It does not appear that any such objection was made in the Probate Court or County Court, or

that an appeal was taken or claimed from the order of the Probate Court by the defendant. The defendant, by allowing the case to proceed to final judgment in the County Court without interposing the objection has waived the right to make it in this court. The plaintiff's claim consisted of two items. There are some other items of charge upon his specification, but they are so connected with and dependent upon the two principal items that their allowance or disallowance must depend upon the allowance or disallowance of those items. In relation to the first item of $400, charged as having been paid to James Johnson, in 1864, the commissioner finds that James Johnson at that time held a mortgage on certain real estate, to secure his future support, and that the plaintiff purchased his interest in said mortgage and took a warrantee deed from him of the premises described in it, and gave him therefor his eight promissory notes for $50 each, payable yearly thereafter. That said notes were subsequently transferred by James Johnson to Henry Johnson, under an arrangement by which Henry Johnson obliged himself to support James Johnson, and that Henry did furnish such support to an amount exceeding the sum of $400. The claim for support so furnished was never presented as a claim against the estate of Dawson Johnson, and the plaintiff has never become liable to pay the same. It does not appear that the notes which the plaintiff gave to James Johnson were negotiable, nor that the plaintiff has ever paid them. James Johnson could not charge the estate of Dawson upon his mortgage, unless the condition providing for his support had been broken ; and, to enable the plaintiff, as administrator of Dawson Johnson's estate, to charge said estate on account of neglect or refusal to support James Johnson, it should appear that such claim had been allowed against the estate, or that the plaintiff, in his character of administrator, had paid, or become legally liable to pay, for the same ; and neither one of such facts has been found by the commissioner. As to the second item, the commissioner has found that after the plaintiff's appointment as administrator of Dawson Johnson's estate and guardian had been appointed of his children, and after said guardian had filed a bond in the Probate Court conditioned to pay such debts as might be allow-

ed against the estate, the plaintiff voluntarily paid a note which was held by H. E. Seymour, executed by James and Dawson Johnson and secured by mortgage of the premises described in the deed from James Johnson to the plaintiff, which mortgage was executed by James and Dawson Johnson, and took an assignment of said mortgage to himself. It is to be observed, first, that the plaintiff did not, in said transaction, act in the capacity of administrator; second, that the claim had not been allowed against Dawson Johnson's estate; and third, that it does not appear, as between James Johnson and Dawson's estate, whose duty it was to pay it. It is well settled that a party holding a note secured by mortgage must, if he claims any dividend or portion of the assets of the estate of the mortgagor, present the same for allowance by the commissioners, and if he neglect to do so he must rely wholly upon the property mortgaged, to compel payment of his debt. *Grafton Bank* v. *Doe*, 19 Vt. 463. Upon the facts found, this item of claim comes clearly within that rule. The plaintiff, by his purchase and assignment from Seymour, succeeded to Seymour's rights, and is only entitled to the same remedies that Seymour would have been entitled to, if the sale and assignment had not been made.

*Judgment affirmed, and certified to the Probate Court.*